IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CODY BROADWAY AND BILL BROADWAY, as next friend of Cody Broadway, | * | |
| Plaintiffs, | * | |
| vs. | * | No. 3:07cv000149 SWW |
| ADIDAS AMERICA, INC.; ADIDAS, INC.; ADIDAS-SALOMON NORTH AMERICA, INC., | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

Plaintiffs Cody Broadway and Bill Broadway, as next friend of Cody Broadway, bring this products liability action against defendants adidas America, Inc., adidas, Inc., and adidas-Salomon North America, Inc., for alleged injuries suffered by Cody Broadway while playing basketball wearing allegedly defective adidas basketball shoes. The matter is before the Court on motion of defendants to dismiss on multiple grounds plaintiffs' complaint and amended complaint [doc.#12]. Plaintiffs have responded in opposition to defendants' motion and defendants have filed a reply to plaintiffs' response. Having considered the matter, the Court grants in part and denies in part defendants' motion to dismiss plaintiffs' complaint and amended complaint.

I.

According to plaintiffs, on October 18, 2004, Cody Broadway was playing basketball when the adidas basketball shoes he was wearing malfunctioned. Plaintiffs state the midsole of

the heel unit separated or tore during use resulting in Cody breaking his right fibula and tearing a ligament in his left ankle area. Plaintiffs state the shoes purchased from defendants were defective and unreasonably dangerous to foreseeable users or consumers at the time they left defendants' control.

On October 12, 2007, plaintiffs filed this action on the basis of diversity jurisdiction. On January 8, 2008, plaintiffs filed a motion for an extension of time in which to effect service of process. By Order dated January 9, 2008, this Court granted plaintiffs' motion. Subsequently, on January 18, 2008, plaintiffs filed their amended complaint. On April 9, 2008, plaintiffs filed a second motion for an extension of time in which to effect service of process, which this Court granted. However, within the original time granted by this Court for plaintiffs to effect service of process, plaintiffs, on May 1, 2008, filed a certificate of service stating that all defendants had been served. Thereafter, on May 13, 2008, defendants filed the motion to dismiss now before the Court.

II.

Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(4), and 12(b)(5) on the following grounds: (1) this Court's Order of January 9, 2008, granting plaintiffs additional time in which to effect service of process should be vacated and plaintiffs' complaint and amended complaint dismissed for failure to timely effect service; (2) plaintiffs' attempts at service of process were defective; (3) adidas, Inc. does not exist; (4) this Court lacks personal jurisdiction over adidas-Salomon North America, Inc.; (5) plaintiffs fail to state a claim for recovery of medical expenses incurred during Cody Broadway's minority; and (6) plaintiffs fail

to state a claim for recovery of loss of enjoyment of life damages. The Court will address these arguments in turn.

1.

The Court rejects defendants' argument that this Court's January 9, 2008 Order granting plaintiffs an extension of time in which to effect service of process should be vacated and plaintiffs' complaint and amended complaint dismissed for failure to timely effect service. Defendants argue that plaintiffs failed to state good cause for their requested extension and, consequently, failed to demonstrate good cause for failure to effect service of process within the 120 days allowed by Fed.R.Civ.P. 4(m). Although the parties do not address the issue, the Court notes that Rule 4(m) grants discretion to a district court to extend the time for service of process even where there is no good cause shown. *Adams v. AlliedSignal General Avaiation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). *See also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (under the "...1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'.... The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.") (quoting Fed.R.Civ.P. 4(m) Adv. Comm. Notes)). In granting plaintiffs their requested extension, this Court was cognizant of the fact that plaintiffs' complaint was filed within one week of the expiration of the applicable statute of limitations.[1] Given that the applicable statute of limitations would appear to bar the refiled action, the effect of this Court's Order granting an extension of time in which to effect service of

[1] The statute of limitations for a products liability action in Arkansas is three years. *See* Ark. Code Ann. § 16-116-103.

process was to direct that service be made within a specified time, even assuming no good cause was demonstrated, to relieve the plaintiffs of the consequences of the 120-day requirement of Rule 4(m).[2] Such relief under Rule 4(m) is discretionary with a district court. *See Hoenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action") (quoting Fed.R.Civ.P. 4(m) Adv. Comm. Notes)). Although the running of the statute of limitations does not require a district court to extend time for service of process, *see Adams*, 74 F.3d at 887 (citation omitted), plaintiffs did not wait an unreasonable amount of time in which to seek discretionary relief with this Court and there is no indication of egregious neglect. Accordingly, the Court denies defendants' motion to vacate this Court's January 9, 2008 Order and dismiss this action for failure to timely effect service of process.

2.

The Court now turns to defendants' argument that plaintiffs' service of process is defective and this action must be dismissed. Proper service of process is essential because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted). The same is true under Arkansas law. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) ("Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant").

---

[2] In requesting an extension of time to effect service of process, plaintiffs stated they "have attempted to serve the defendants in this action" but "are having trouble locating said defendants because they are not a US entity." It turns out that defendants were in fact United States entities (although plaintiffs state the main office of adidas is in Germany), but this was at least a colorable excuse in these circumstances for requesting an extension of time in which to effect service of process.

Plaintiffs attempted service of process pursuant to Arkansas law. Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1). Arkansas law provides in relevant part:

> ... Service shall be made upon any person designated by statute to receive service or as follows:
>
> . . .
>
> (5) upon a domestic or foreign corporation ... by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.
>
> . . .
>
> (8)(A)(i) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

Ark.R.Civ.P. 4(d).

Plaintiffs first attempted service of process on March 24, 2008. On that date, plaintiffs sent via certified mail, restricted delivery, service papers for defendants to the corporate office of adidas America, Inc. The service papers were not sent to a natural person or restricted to an appropriate person. Plaintiffs state that while awaiting return receipt, they discovered on the Oregon Secretary of State's website the registered agent for service for adidas America, Inc. On

April 25, 2008, plaintiffs sent via certified mail, restricted delivery, service papers to the registered agent of adidas America, Inc. Plaintiffs state they then received the signed return receipts from the March 2008 attempted service showing that defendants received the service papers. Upon receiving the second set of signed return receipts showing, according to plaintiffs and essentially conceded by defendants, that the registered agent for service of adidas America, Inc. received the complaint and summons for all three entities, plaintiffs filed their certificate of service with this Court.

a.

To the extent it is necessary to address plaintiffs' March 2008 attempt at service of process (given the subsequent April 2008 attempt at service), the Court agrees with defendants that this attempt at service was defective because the letters of March 24, 2008 and service papers enclosed therewith were not addressed to an addressee or agent of the addressee that is a natural person. The requirements under Ark.R.Civ.P. 4, being in derogation of common law, must be strictly followed, *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 173, 842 S.W.2d 22, 23-24 (1992), and to accomplish service by mail under Rule 4, the return receipt must be signed by the addressee or the agent of the addressee. *Id.* Rule 4 requires that an addressee be a natural person, *i.e.*, a human being, specified by name. *Grand Slam Stores, L.L.C. v. L & P Builders, Inc.*, 92 Ark.App. 210, 213, 212 S.W.3d 6, 8 (2005). Here, no person is listed on the letters of March 24, 2008 to be served as an officer or registered agent of the defendants. Plaintiffs argue that the defendants make no effort to state the person signing the green cards was not a proper agent of adidas America, Inc., but it is the plaintiffs that have the burden of proving proper

service of process once it is contested. *Richardson v. Volkswagenwerk, A.G.*, 552 F.Supp.73, 79 (D.C.Mo. 1982). As such plaintiffs must establish the agency of the person or entity receiving process. *Id.* (citations omitted). Plaintiffs have not in any way controverted defendants' claim that the service papers were not sent to a proper party at adidas America, Inc. and that service of process was therefore inappropriate under Arkansas law.[3]

b.

Irrespective of the March 2008 attempt at service of process, this Court has jurisdiction over defendants if the April 25, 2008 attempt at service of process is deemed proper. Defendants acknowledge that while it appears that on April 25, 2008, plaintiffs properly delivered the service papers to the registered agent of adidas America, Inc., the summons received on that date inappropriately identified the time for the defendants to serve a responsive pleading as 30 days rather than the 20 days set forth in Fed.R.Civ.P. 12 (a).[4] Defendants argue that because plaintiffs are attempting service of process pursuant to Ark.R.Civ.P. 4, that rule is controlling as are the cases interpreting it. In this respect, argue defendants, the failure of the April 2008 summons to

---

[3] Plaintiffs reference an attempt at service pursuant to Ark. Code Ann. § 4-20-113(c), which provides that "[i]f process, notice, or demand cannot be served on an entity pursuant to subsection (a) or (b), service of process may be made by handing a copy to the manager, clerk, or other person in charge of any regular place of business or activity of the entity if the person served is not a plaintiff in the action." To the extent it is that statute and not Ark.R.Civ.P. 4 that here applies, defendants deny that the service papers were delivered to a "manager, clerk, or other person in charge" as set out in the statute and plaintiffs have not in any way demonstrated otherwise. Again, it is the plaintiffs that have the burden of proving proper service of process once it is contested. *Volkswagenwerk,* 552 F.Supp. at 79. Plaintiffs also reference an attempt at service pursuant to Ark. Code Ann. § 16-58-120 in October 2007 and January 2008, but that statute is inapplicable as it is intended to establish personal jurisdiction of one who leaves Arkansas after having committed an act in that State giving rise to liability. *Dougherty v. Sullivan,* 318 Ark. 608, 611, 887 S.W.2d 305, 306 (1994).

[4] Plaintiffs state that "[t]he summons sent to the registered agent for service had a two over a three for twenty days, not thirty on it as the time to answer" but "conceded that the time could be difficult to ascertain." It appears to this Court that the summons in fact has a three over a two for 30 days, not the other way around as argued by plaintiffs, but this Court agrees with plaintiffs "that the time could be difficult to ascertain." In addition, all summons appear to have a typewritten "30" with an "X" crossed through it next to the handwritten "30."

properly identify the time for defendants to serve a responsive pleading rendered service of process improper and this action must be dismissed under Arkansas law. *Cf. Smith*, 353 Ark. 701, 120 S.W.3d 525 (affirming dismissal of case where summons did not identify defendant correctly and misstated the time in which the defendants were required to respond, noting that technical requirements of a summons set out in Ark.R.Civ.P. 4(b) must be construed strictly and compliance with those requirements must be exact); *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (motion to dismiss for failure of service should have been granted where summons was not signed by Clerk as required).[5]

The Court disagrees with defendants that the form of the summons at issue in this action is governed by Arkansas law. Rule 4 of the Federal Rules of Civil Procedure does provide, as previously noted, that a summons may be served by the law of the state in which the federal court is located. Fed.R.Civ.P. 4(e)(1). But even when state service of process rules are borrowed for the method of service, the federal form of summons must be used. *See* Fed.R.Civ.P. 4(a) Adv. Comm. Notes to 1993 Amendments. And while the mechanical method of service is borrowed from state law (which rendered the March 2008 attempt at service improper), the form of the summons and its sufficiency is determined by the Federal Rules, not state law. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1112, at p. 141 (3d ed. 2002) (even when service is made "pursuant to the law of the state" it is clear that the content of the summons must conform to the federal requirements set out in Rule 4(a) in an action in federal court); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 10 n.1 (2nd Cir. 1994)

[5] The April 25, 2008 service of process only concerns adidas America, Inc. With respect to adidas, Inc. and adidas-Salomon North America, Inc., defendants argue, and plaintiffs do not dispute, that the registered agent for service of process for adidas America, Inc. is not a registered agent for service of process for either of these defendants. In any case, as will be seen, adidas Inc. and adidas-Salomon North America, Inc. must be dismissed from this action for other reasons as well.

(“Although Fed.R.Civ.P. 4(e)(1) does in certain circumstances allow the *manner* of service to follow state law, the *form* of the process to be served is in every case dictated by Fed.R.Civ.P. 4(a) and (c)”) (emphasis in original)). *Cf. Beller & Keller v. Tyler*, 120 F.3d 21, 25-26 (2nd Cir. 1997) (“We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the summons to file an answer unless a federal statute provides otherwise...even if, as permitted by Federal Rule of Civil Procedure 4(e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer.”). This is so even if application of the Federal Rule could lead to a different outcome. *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996) (“[F]ederal courts must apply a Federal Rule to a matter within its scope even where it differs from a state rule and could lead to a different outcome.”) (citing *Burlington No. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987)).

Under federal law, if the summons and complaint have been successfully delivered to the defendant and service is otherwise proper, purely technical errors in the form of the summons may not invalidate service absent a showing of prejudice. *Cf. Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897 (11th Cir. 1990) (holding that service of process was in substantial compliance with Federal Rules of Civil Procedure even though it did not include a return date for the responsive pleading; such information was readily ascertainable from the Federal Rules); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984) (holding that service was effective under Federal Rules of Civil Procedure even though the summons had a typographical error stating that the defendant had 10 rather than 20 days to answer the complaint). Here, adidas America, Inc. does not argue that it had inadequate notice of the proceedings and it presents no evidence that the technical defect in the summons of

misstating the time in which to serve a responsive pleading caused it prejudice. That being so, and as the April 2008 service of process was otherwise proper, the Court will not dismiss this action but will allow plaintiffs leave to amend their summons *nunc pro tunc* pursuant to Fed.R.Civ.P. 4(a) to reflect the proper time to serve a responsive pleading. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1088, at p. 460 (noting that although every effort should be made to comply with the requirements for the form of a summons set forth in Fed.R.Civ.P. 4(a), the liberal amendment of process policy expressed at the end of that rule, which provides that the Court may permit a summons to be amended, can be used to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document); *Rikard v. The Lion Brewery, Inc.*, 2007 WL 3492714, at *4 (M.D.Pa. 2007) (a harmless error in a summons that otherwise gives a defendant proper notice is clearly amendable *nunc pro tunc* under Fed.R.Civ.P. 4); *Ayers v. Jacobs & Crumplar, P.A.*, 1995 WL 704781, at *3 (D.Del. 1995) (in cases of nonprejudicial defect in summons, the proper remedy is to allow the plaintiff to amend the summons as provided in Fed.R.Civ.P. 4(a)).

3.

Concerning separate defendant adidas, Inc., plaintiffs do not dispute that there is no such entity as adidas, Inc. and, indeed, acknowledge that "[t]here should only be one proper defendant in this case" (although they do not identify that defendant) and that "[a]didas, Inc. is admittedly a shot in the dark in case a substitution of entity became necessary." Accordingly, there being no such entity as adidas, Inc., plaintiffs' amended complaint against adidas, Inc. must be dismissed. *Hussein v. Miller*, 232 F.Supp.2d 653, 656 (E.D.Va. 2002) (dismissing all claims against non-

existent entity).

4.

Concerning separate defendant adidas-Salomon North America, Inc., defendants, in addition to arguing improper service, argue that adidas-Salomon North America, Inc., a Delaware corporation, was simply a holding company for various adidas entities, including adidas America, Inc., and that this Court lacks personal jurisdiction over corporations with no greater connection to Arkansas other than their ownership of subsidiary corporations.[6] The Court agrees.

The Due Process Clause establishes the parameters of a state's power to assert personal jurisdiction over a nonresident defendant. *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000).[7] In this respect, due process requires "minimum contacts" between a nonresident defendant and the forum state, such that the maintenance of the suit does not offend "'traditional notions of fair play and substantial justice.'" *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). The defendant's conduct and connection with the forum state must be such that defendant should "reasonably anticipate being haled into court there." *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The minimum contact inquiry focuses on

---

[6] Defendants state that in late 2005, adidas-Salomon North America, Inc. was divested and the holding company was changed to adidas North America, Inc., an entity which is not sued.

[7] Arkansas's long-arm statute gives courts personal jurisdiction of all persons and causes of action "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B). Accordingly, as the Arkansas long-arm statute covers those cases where the Due Process Clause permits the assertion of personal jurisdiction, the only question for this Court is whether the exercise of personal jurisdiction in this case comports with due process. *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws. *Steinbuch*, 518 F.3d at 586 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) (citations omitted). The party seeking to establish the Court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Id*. The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation and internal quotation marks omitted). While the plaintiff bears the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Epps*, 327 F.3d at 647 (citations omitted).

Here, plaintiffs do not address or otherwise dispute in their response to defendants' motion to dismiss that this Court lacks personal jurisdiction over adidas-Salomon North America, Inc. Plaintiffs consequently present no evidence showing that the parent dominates and controls the subsidiary or that adidas-Salomon North America, Inc. purposely availed itself of the privilege of conducting activities within Arkansas, thereby invoking the benefits and protections of its laws, and that adidas-Salomon North America, Inc.'s conduct and connection with the forum state was such that it should reasonably anticipate being haled into court there. That being so, and as a corporation is not doing business in a state merely by the presence of its wholly owned subsidiary, *Epps*, 327 F.3d at 649; *Steinbuch*, 518 F.3d at 589, the Court dismisses

adidas-Salomon North America, Inc. for lack of personal jurisdiction; plaintiffs have failed to meet their burden of making a prima facie showing of jurisdiction, not having addressed the issue in their response to defendants' motion to dismiss.

5.

Concerning plaintiffs' claim for medical expenses, the Court agrees with defendants that plaintiffs fail to state a claim for recovery of medical expenses incurred during Cody Broadway's minority. As previously noted, plaintiffs allege that Cody Broadway broke his right fibula and suffered a torn ligament in his left ankle on October 18, 2004, while wearing defective adidas basketball shoes. At that time, Cody was a minor, not having reached the age of majority until June 24, 2007. The complaint filed on October 12, 2007 (and amended on January 18, 2008) was only filed on behalf of Cody Broadway and Bill Broadway as next friend of Cody Broadway; Bill Broadway did not file any claim in his own right.

Under Arkansas law, the personal injury to a minor gives rise to two separate and distinct causes of action. The minor has a claim for his injuries, which includes damages for pain and suffering, personal disfigurement, future medical expenses reasonably certain to be required after majority and probable loss of earnings and earning capacity after majority. *Clark v. Baka*, 2007 WL 3048878, at *2 (E.D.Ark. 2007) (citing *Lopez v. Waldrum Estate*, 249 Ark. 558, 563, 460 S.W.2d 61, 64 (1970)). The minor's damages do not include medical expenses incurred during his minority. *Id*. (citing *Parrott v. Mallett*, 262 Ark. 525, 528-29, 558 S.W.2d 152, 153-54 (1977)). The parent or guardian has a claim for the minor's injuries, which includes the medical expenses incurred and to be incurred by the parent or guardian during the child's minority and

the value of the minor's services and loss of earning capacity during minority. *Id*. (citing *Lopez,* 249 Ark. at 563, 460 S.W.2d at 64-65).

As noted in *Clark,* 2007 WL 3048878, at *2, the Arkansas Supreme Court in *National Bank of Commerce v. Quirk,* 323 Ark. 769, 792-93, 918 S.W.2d 138, 150-51 (1996), affirmed the application of a relevant statute of limitations to bar the independent claims of parents to recover medical expenses incurred on account of injury to their minor child. "The *Quirk* court reaffirmed the view that 'in case of injury to a minor child, there are two separate and distinct causes of action: one in favor of the infant for his injuries and one in favor of the parent for losses suffered by the parent' and, thus, the minor child could not recover damages for medical expenses incurred during his minority 'where the child [was] unemancipated and [had] not paid the bill for such expenses.'" *Clark,* 2007 WL 3048878, at *2 (quoting *Quirk,* 323 Ark. at 792-93, 918 S.W.2d at 151).

Accordingly, Cody Broadway does not have an independent right to recover any medical expenses incurred during his minority. As to the right of Bill Broadway to recover such expenses, he has not asserted such a claim in this action and it is now time barred. *See* Ark. Code Ann. § 16-116-103.

6.

Finally, in response to defendants' argument that plaintiffs fail to state a claim for recovery of loss of enjoyment of life damages, plaintiffs state they are withdrawing that claim. Accordingly, any claim for recovery of loss of enjoyment of life damages is dismissed.

III.

For the foregoing reasons, the Court grants in part and denies in part defendants' motion to dismiss plaintiffs' complaint and amended complaint.

IT IS SO ORDERED this 10th day of July 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE